1
2
3
4
5
6
7

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

THOMAS CLINTON,

           Plaintiff,                No. CIV S-09-1351 FCD EFB PS

      vs.

ARNOLD SCHWARZENEGGER, et al.,

           Defendants.         <u>ORDER</u>

_____/

       This matter is referred to the undersigned pursuant to E. D. Cal. L. R. 72-302(21) and 28 U.S.C. § 636(b)(1).

       Plaintiff, proceeding in this action *pro se*, has requested leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. Plaintiff has submitted an affidavit making the showing required by 28 U.S.C. § 1915(a)(1). Accordingly, the request to proceed *in forma pauperis* will be granted.

       However, the determination that plaintiff may proceed *in forma pauperis* does not complete the required inquiry. Pursuant to 28 U.S.C. § 1915(e)(2), the court is directed to dismiss a case at any time if it determines, *inter alia*, that the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Franklin v. Murphy*, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  Thus, the court may dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  *Neitzke*, 490 U.S. at 327.  The critical inquiry is whether a claim, however inartfully pleaded, has an arguable legal and factual basis.  *See Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989); *Franklin*, 745 F.2d at 1227.

While detailed factual allegations are not required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Iqbal*, 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 555).  While factual allegations are accepted as true, legal conclusions are not.  *Iqbal*, 129 S.Ct. at 1949.

Additionally, although *pro se* pleadings are liberally construed, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), a *pro se* plaintiff must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure.  Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief," "in order to 'give the defendant fair notice of what . . . the claim is and the grounds upon which it rests.'"  *Bell Atlantic Corp., supra*, 550 U.S. at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

The court may disregard allegations contradicted by the complaint's attached exhibits.  *Durning v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir. 1987); *Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1295 (9th Cir.1998).  Furthermore, the court is not required to accept as true allegations contradicted by judicially noticed facts.  *Mullis v. United States Bankruptcy Ct.*, 828 F.2d 1385, 1388 (9th Cir. 1987).  The court may consider matters of public record, including pleadings, orders, and other papers filed with the court.  *Mack v. South Bay Beer Distributors*, 798 F.2d 1279, 1282 (9th Cir. 1986) (abrogated on other grounds by *Astoria Federal Savings*

1  *and Loan Ass'n v. Solimino*, 501 U.S. 104 (1991)).

2       Pro se pleadings are held to a less stringent standard than those drafted by lawyers.

3  *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).  Unless it is clear that no amendment can cure

4  its defects, a pro se litigant is entitled to notice and an opportunity to amend the complaint before

5  dismissal.  *Lopez v. Smith*, 203 F.3d 1122, 1127-28 (9th Cir. 2000) (en banc); *Noll v. Carlson*,

6  809 F.2d 1446, 1448 (9th Cir. 1987).  Although the court has an obligation to construe the

7  pleadings of a pros se litigant liberally, *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985)

8  (en banc), the court's liberal interpretation of a pro se complaint may not supply essential

9  elements of a claim that are not plead.  *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992);  *Ivey*

10  *v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).  Furthermore, "[t]he

11  court is not required to accept legal conclusions cast in the form of factual allegations if those

12  conclusions cannot reasonably be drawn from the facts alleged."  *Clegg v. Cult Awareness*

13  *Network*, 18 F.3d 752, 754-55 (9th Cir. 1994).  Neither need the court accept unreasonable

14  inferences, or unwarranted deductions of fact.  *Western Mining Council v. Watt*, 643 F.2d 618,

15  624 (9th Cir. 1981).

16       In the instant complaint, plaintiff states that he has another lawsuit pending in this court,

17  case number CIV S-05-1600 LKK CMK, apparently based on plaintiff's allegation that he was

18  raped in prison.[1]  Plaintiff explains that through discovery in that action, he acquired evidence

19  that "state employees were falsifying state records, concealing the criminal act that Plaintiff was

20  raped, [] to exonerate their fellow staff of misconducts."  Compl. at 7.  Plaintiff further claims

21  that "CDCR staff has falsified official state documents . . ., back dated Plaintiff's grievance

22

23      [1] The instant complaint was originally filed in case number CIV S-05-1600 LKK CMK.
24  By order filed May 12, 2009, however, United States Magistrate Judge Craig M. Kellison directed the Clerk of the Court to strike the complaint from the docket in that action and use the complaint to open a new civil action.  Judge Kellison also denied plaintiff's request for a related
25  case order.  *See* Case No. CIV-S-05-1600 LKK CMK, Docket No. 333.  A court may take judicial notice of court records.  *See MGIC Indem. Co. v. Weisman*, 803 F.2d 500, 505 (9th Cir.
26  1986); *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980).

1   system, and [] obstruct[ed] his access to court by failure to exhaust his administrative remedies."

2   *Id.*  Plaintiff claims that the "United States Constitution is clearly being violated, because these

3   defendants are showing favoritism to its state agents and not prosecuting equally and fairly as the

4   Constitution requires them to do."  Plaintiff's only requested relief is that the court "order that

5   the defendants and agencies [] work with Plaintiff to investigate, terminate, and criminally

6   prosecute all state employees involved with this."  *Id.* at 8.  As an initial matter, plaintiff is

7   advised that this court does not have the authority to compel defendants, including state and

8   federal agencies, to commence any criminal proceedings.  Nevertheless, the court construes

9   plaintiff's allegations as an attempt to assert a claim under 42 U.S.C. § 1983, which provides:

10
11   > Every person who, under color of [state law] . . . subjects, or causes to be
>    subjected, any citizen of the United States . . . to the deprivation of any rights,
>    privileges, or immunities secured by the Constitution . . . shall be liable to the
12   > party injured in an action at law, suit in equity, or other proper proceeding for
>    redress . . . .

13   42 U.S.C. § 1983.  An individual defendant is not liable on a civil rights claim unless the facts

14   establish the defendant's personal involvement in the constitutional deprivation or a causal

15   connection between the defendant's wrongful conduct and the alleged constitutional deprivation.

16   *See Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989); *Johnson v. Duffy*, 588 F.2d 740, 743-44

17   (9th Cir. 1978).  Plaintiff may not sue any supervisor on a theory that the supervisor is liable for

18   the acts of his or her subordinates.  *See Polk County v. Dodson*, 454 U.S. 312, 325 (1981).  A

19   supervisor may be held liable in his or her individual capacity "'for his own culpable action or

20   inaction in the training, supervision or control of his subordinates.'"  *Watkins v. City of Oakland,*

21   *Cal.*, 145 F.3d 1087, 1093 (9th Cir. 1998) (quoting *Larez v. City of Los Angeles*, 946 F.2d 630,

22   646 (9th Cir. 1991)).  To state a claim against any individual defendant, the plaintiff must allege

23   facts showing that the individual defendant participated in or directed the alleged violation, or

24   knew of the violation and failed to act to prevent it.  *See Barren v. Harrington*, 152 F.3d 1193,

25   1194 (9th Cir. 1998), *cert. denied*, 525 U.S. 1154 (1999) ("A plaintiff must allege facts, not

26   simply conclusions, that show that an individual was personally involved in the deprivation of

1  his civil rights."); *Taylor*, 880 F.2d at 1045.

2          With the exception of one defendant, noted below, plaintiff does not include any

3  allegations against defendants to link them to any act or omission that would indicate a

4  deprivation of plaintiff's constitutional rights.  Insofar as plaintiff attempts to bring a conspiracy

5  claim against defendant Steel, a Deputy Attorney General, plaintiff's bare allegations that Steel

6  "is withholding evidence, to obstruct justice, and to assist the [S]tate in its conspiracy to conceal

7  crimes," are insufficient.  *See* Compl. at 7.  To state a claim for conspiracy, plaintiff must allege

8  specific facts showing two or more persons intended to accomplish an unlawful objective of

9  causing plaintiff harm and took some concerted action in furtherance thereof.  *Gilbrook v. City of*

10 *Westminster*, 177 F.3d 839, 856-57 (9th Cir. 1999); *Margolis v. Ryan*, 140 F.3d 850, 853 (9th

11 Cir. 1998) (to state claim for conspiracy under § 1983, plaintiff must allege facts showing an

12 agreement among the alleged conspirators to deprive him of his rights); *Delew v. Wagner*, 143

13 F.3d 1219, 1223 (9th Cir. 1998) (to state claim for conspiracy under § 1983, plaintiff must allege

14 at least facts from which such an agreement to deprive him of rights may be inferred);  *Burns v.*

15 *County of King*, 883 F.2d 819, 821 (9th Cir. 1989) (per curiam) (conclusory allegations of

16 conspiracy insufficient to state a valid § 1983 claim); *Karim-Panahi v. Los Angeles Police Dep't*,

17 839 F.2d 621, 626 (9th Cir. 1988).   Plaintiff has not alleged specific facts showing that Steel or

18 any other defendant agreed to accomplish an unlawful objective.  Neither does he allege facts

19 from which any agreement could be inferred.  Therefore, plaintiff fails to state a claim for

20 conspiracy.

21         Plaintiff also alleges that "CDCR staff" denied him access to the courts, apparently by

22 interfering with plaintiff's ability to exhaust his administrative remedies.  However, plaintiff

23 does not allege who caused the denial of which he complains.  *See Johnson*, 588 F.2d at 743 (a

24 person subjects another to the deprivation of a constitutional right if he does an act, participates

25 in another's act or omits to perform an act he is legally required to do that causes the alleged

26 deprivation).  Moreover, to state a claim based on denial of access to the courts, a plaintiff must

allege facts demonstrating that he suffered an actual injury by being shut out of court. *Christopher v. Harbury*, 536 U.S. 403, 412-15 (2002); *Lewis v. Casey*, 518 U.S. 343, 351 (1996). In the instant case, plaintiff alleges no actual injury based on plaintiff's purported inability to exhaust his administrative remedies.  Plaintiff fails to allege an unconstitutional denial of access to the courts.

Plaintiff names as defendants Jan Scully, Sacramento County District Attorney; Robert Burns, Lassen County District Attorney; and Gerald T. Shea, San Louis Obispo District Attorney.  Additionally, plaintiff names Arnold Schwarzenegger, Governor of California; Dave Shaw, Office of Inspector General; Edmund G. Brown, Jr., Office of the Attorney General; Matthew Cate, Director of California Department of Corrections and Rehabilitation; and David Grant, California Department of Corrections and Rehabilitation.  As previously noted, plaintiff does not state what claims he intends to pursue against these defendants.  Plaintiff also fails to state whether he is suing these defendants in their official or individual capacities.  The court notes that prosecutors are absolutely immune from liability under section 1983 for their conduct insofar as it is "intimately associated" with the judicial process, such as such as initiating prosecution and presenting the state's case.  *Botello v. Gammick*, 413 F.3d 971, 975 (9th Cir. 2005) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)).  Moreover, neither a state nor its officials acting in their official capacities are "persons" under § 1983.  *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989).  Official capacity claims against state officials are merely another way of pleading a claim against the state itself.  *See id.* ("[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office.  As such, it is no different from a suit against the State itself.") (internal citation omitted).  The Eleventh Amendment, however, protects states from section 1983 liability absent a clear waiver and consent to suit.  *Quern v. Jordan*, 440 U.S. 332, 337-45 (1979); *see also Aholelei v. Dep't of Public Safety*, 488 F.3d 1144, 1147 (9th Cir. 2007) ("The Eleventh Amendment bars suits for money damages in federal court against a state, its agencies, and state

1  officials acting in their official capacities.").

2      Plaintiff also names several federal employees as defendants in this action, including

3  Glen A. Finn, of the Office of Inspector General and Eric Holder, the U.S. Attorney General.

4  Again, plaintiff does not state what his claims are against these defendants, or whether he is

5  suing them in their official of individual capacities.  To the extent plaintiff intends to sue these

6  individuals in their official capacities, the court notes that the United States, as a sovereign

7  entity, is immune from suit except when it consents to be sued, and the terms of its consent to be

8  sued in a court define that court's jurisdiction to entertain the suit.  *United States v. Dalm*, 494

9  U.S. 596, 608 (1990).  It is the plaintiff's burden to establish the jurisdiction of the court, and

10  thus to show a waiver of sovereign immunity.  *See McNutt v. General Motors Acceptance Corp.*,

11  298 U.S. 178, 188 (1936).

12      For the foregoing reasons, the court dismisses plaintiff's complaint for failure to state a

13  claim.  The court will nonetheless grant plaintiff leave to file an amended complaint that

14  complies with Rule 8 and corrects the deficiencies addressed herein.  *Lopez*, 203 F.3d at1126-27

15  (9th Cir. 2000) (en banc) (district courts must afford pro se litigants an opportunity to amend to

16  correct any deficiency in their complaints).  Should plaintiff choose to file an amended

17  complaint, he shall identify each defendant in both the caption and the body of the amended

18  complaint, and clearly set forth the allegations against each defendant.

19      Local Rule 15-220 requires that an amended complaint be complete in itself.  *See Loux v.*

20  *Rhay*, 375 F.2d 55, 57 (9th Cir. 1967) (amended complaint supersedes the original complaint).

21  Thus, should plaintiff  file an amended complaint, the previous complaint no longer serves any

22  function in the case, and the court cannot refer to the prior pleading in order to make the

23  amended complaint complete.  "[A] plaintiff waives all causes of action alleged in the original

24  complaint which are not alleged in the amended complaint," *London v. Coopers & Lybrand*, 644

25  F.2d 811, 814 (9th Cir. 1981), and defendants not named in an amended complaint are no longer

26  defendants, *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).

1    Finally, the court cautions plaintiff that failure to comply with the Federal Rules of Civil

2   Procedure, this court's Local Rules, or any court order may result in a recommendation that this

3   action be dismissed.  See Local Rule 11-110.

4    Accordingly, IT IS ORDERED that:

5    1.  Plaintiff's request for leave to proceed *in forma pauperis* is granted;

6    2.  Plaintiff's complaint is dismissed with leave to amend; and,

7    3.  Plaintiff is granted thirty days from the date of service of this order to file an amended

8   complaint.  The amended complaint must bear the docket number assigned to this case and must

9   be labeled "Amended Complaint."  Failure timely to file an amended complaint in accordance

10  with this order may result in a recommendation this action be dismissed.

11   SO ORDERED.

12  DATED:  September 3, 2009.

13   EDMUND F. BRENNAN
     UNITED STATES MAGISTRATE JUDGE

14

15

16

17

18

19

20

21

22

23

24

25

26